**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-2690

UNITED STATES OF AMERICA,

Appellee,

v.

STEVEN RIQUINHA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Stahl, Circuit Judges.

Donna Jalbert Patalano and Law Office of D.J. Patalano on brief for appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby, United States Attorney, on brief for appellee.

April 30, 2009

**Per Curiam**.  This is a sentencing appeal.  The defendant makes two arguments concerning an enhancement imposed for obstruction of justice:  (1) that the district court failed to make specific factual findings supporting the enhancement and (2) that the enhancement resulted in an unwarranted sentencing disparity between him and his co-defendant.  He also argues, in the alternative, that the court should have granted his request for a below-guidelines sentence.  For the reasons discussed below, we find none of those arguments meritorious and therefore summarily affirm the defendant's sentence, as requested in the government's brief.

The presentence report ("PSR") recommended an obstruction-of-justice enhancement based on the defendant's participation in aiding his co-defendant, Richard Dimott, to abscond from Dimott's pre-trial home confinement.  Specifically, the revised PSR found as follows:

> On March 4, 2006, the defendant met with his co-defendant, Richard Dimott, who had been arraigned and ordered released to pretrial supervision with electronic monitoring. Dimott was residing in Massachusetts and was being supervised by the Pretrial Services Office in the District of Massachusetts. . . . During that meeting, the defendant aided Dimott's flight from justice by using snips to remove Dimott's electronic monitoring transmitter from around his ankle, buying him a bus ticket from Boston, MA, to

-2-

Rockland, ME, and then driving him to the bus station. Dimott remained in absconder status for approximately seven months, but was ultimately apprehended and convicted of Criminal Contempt of Court due to his conduct.

At sentencing, the defendant acknowledged having received a copy of the revised presentence report, which included the above finding and the related recommendation, and further acknowledged that he had had a full and adequate opportunity to discuss the revised PSR with his counsel and that he was aware that no written objections had been filed. He further confirmed that there was nothing in the PSR that was inaccurate.

In their arguments as to the appropriate sentence, counsel for both parties assumed that the defendant would be receiving the recommended two-level enhancement for obstruction of justice. After hearing those arguments and after hearing from the defendant himself, the district court said that it had "carefully reviewed the presentence investigation report" and noted that there were "no disputed issues." The court then proceeded to make guideline calculations, including the two-level enhancement for obstruction of justice based on the fact that "Defendant participated in aiding Richard Dimott's flight from justice." When asked whether the defendant had an objection to those calculations, defense counsel stated, "No Your Honor, thank you." Id. Given that colloquy, the defendant's present objection to the

obstruction-of-justice enhancement, if not waived entirely, was at least forfeited and therefore subject to review only for plain error. United States v. Martinez-Vargas, 321 F.3d 245, 249-50 (1st Cir. 2003).

No such error occurred here, plain or otherwise. Contrary to the defendant's contention, the court made specific findings, both oral and written, that the defendant had aided his co-defendant in absconding from pre-trial confinement, which findings are legally sufficient to warrant an enhancement for obstruction of justice. See U.S.S.G. § 3C1.1, comment. (n.4(e)) (including "escaping or attempting to escape from custody before trial" in "a non-exhaustive list of examples of the types of conduct to which this adjustment applies"); id., comment. (n.9) (providing that, "[u]nder this section, the defendant is accountable for his own conduct and for conduct that he aided or abetted").

The defendant does not claim that those findings were clearly erroneous but only that they were not sufficiently specific, particularly with respect to willfulness. In so arguing, the defendant relies on United States v. Dunnigan, 507 U.S. 87, 94-95 (1993), which held that where the defendant objects to a sentence enhancement based on the defendant's allegedly perjured trial testimony, "a district court must . . . make independent findings necessary to establish a willful impediment to or

-4-

obstruction of justice." Id. at 95. The Court reached that conclusion because "an accused may give inaccurate testimony due to confusion, mistake, or faulty memory,' or the jury may find the defendant's testimony to be truthful but nevertheless find it insufficient to acquit him of the charged offense. Id. Where, as here, the obstruction of justice enhancement is not based on perjury, Dunnigan and its underlying rationale do not apply. United States v. Jimenez Martinez, 83 F.3d 488, 498 n.13 (1st Cir. 1996).

The defendant further faults the district court for relying on the findings in the PSR, positing that those findings were based on unreliable hearsay. That argument fails as well. "[I]n the absence of any objection, a statement in a presentence report is sufficient to prove the fact proposed." United States v. Pelletier, 469 F.3d 194, 202-03 (1st Cir. 2006). Moreover, even now, the defendant does not contest the truth of the PSR's findings or proffer any evidence to the contrary. He therefore has failed to show that any error in adopting those findings affected his substantial rights, a prerequisite to relief under the plain-error standard. United States v. Turbides-Leonardo, 468 F.3d 34, 39-40 (1st Cir. 2006).

The defendant next argues that the obstruction-of-justice enhancement resulted in an unwarranted disparity between his sentence and that of his co-defendant, who received no such

enhancement and only a concurrent six-month sentence on a separate contempt charge based on his own flight from justice. That argument was made below and implicitly considered but rejected by the district court, United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc), which, having sentenced both defendants, was in the best position to determine whether they were similarly situated. The court's decision not to vary below the guideline range on this ground was not unreasonable, particularly given that the co-defendant received a total sentence that was 50 months higher than that of the defendant here, and that, despite his upward adjustment for obstruction of justice, the defendant here was also given the benefit of a three-level downward adjustment for acceptance of responsibility, which adjustments are rarely applied together. See U.S.S.G. § 3E1.1, comment. (n.4) (stating that the two adjustments may both apply only in "extraordinary cases").

Finally, the defendant argues that the district court should have imposed a below-guidelines sentence because doing so "would have been well within its discretion." Assuming that this argument is sufficiently developed to warrant our consideration, but see United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), it reflects a misunderstanding of the applicable standard of appellate review. "Reasonableness entails a range of potential sentences, as opposed to a single precise result." United States

-6-

v. <u>Dixon</u>, 449 F.3d 194, 204 (1st Cir. 2006). Accordingly, an appellant must explain not why a desired sentence would be reasonable but why the imposed sentence was unreasonable. <u>United States</u> v. <u>Nichols</u>, 464 F.3d 1117, 1124, 1126 (9th Cir. 2006). That burden is particularly heavy where, as here, the imposed sentence falls within the guideline sentencing range. <u>Rita</u> v. <u>United States</u>, 127 S. Ct. 2456, 2465 (2007). The defendant here has not satisfied that burden.

Accordingly, the defendant's sentence is summarily <u>affirmed</u>. <u>See</u> 1st Cir. R. 27.0(c).